IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No.  2:21-cv-1621 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE SARGUS |
| v. | : | Magistrate Judge Jolson |
| | : | |
| TWENTY-EIGHT THOUSAND ONE HUNDRED EIGHTY AND 00/100 DOLLARS ($28,180.00) IN UNITED STATES CURRENCY, | : : : : | |
| | : | |
| Defendant, | : | |
| | : | |
| KERMIT WARREN, | : | |
| | : | |
| Claimant. | : | |

**RULE 26(f) REPORT OF PARTIES**

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on September 13, 2021, and was attended by:

 Deborah D. Grimes                            , counsel for plaintiff United States of America    

 Kevin P. Foley, Daniel Alban, and Jaba Tsitsuashvili , counsel for claimant Kermit Warren       .

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1. <u>CONSENT TO MAGISTRATE JUDGE</u>

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

\_\_\_\_\_Yes    \_X\_\_No

2. <u>INITIAL DISCLOSURES</u>

Have the parties agreed to make initial disclosures?

_____Yes    _____No    __X__ The proceeding is exempt under Rule 26(a)(1)(B)

If yes, such initial disclosures shall be made by_____.

3. VENUE AND JURISDICTION

Are there any contested issues related to venue or jurisdiction?

_____Yes    __X__No

If yes, describe the issue:

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by _____.

4. PARTIES AND PLEADINGS

   a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by __10/23/2021__.

   b. If the case is a class action, the parties agree that the motion for class certification shall be filed by __n/a__.

5. MOTIONS

   a. Are there any pending motion(s)?
      _____Yes    __X__ No

      If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:

   b. Are the parties requesting expedited briefing on the pending motion(s)?
      _____Yes    __X__ No

      If yes, identify the proposed expedited schedule:

      Opposition to be filed by_____; Reply brief to be filed by_____.

6. ISSUES

Jointly provide a brief description of the case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

On or about November 4, 2020, the Drug Enforcement Administration seized the defendant. As detailed in the Complaint, the United States alleges that the defendant is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6) because it represents property furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841, or a conspiracy to commit such offense in violation of 21 U.S.C. § 846.

Kermit Warren has filed a Verified Claim, asserting an ownership interest in the defendant, and an Answer to the complaint denying that the defendant represents such property, denying that the Complaint establishes any nexus or substantial connection between the defendant property and any criminal offense, and further denying that there is any relationship between the defendant property and any controlled substance. Claimant Kermit Warren has also raised affirmative defenses including defenses that forfeiture of the defendant property is not authorized by relevant provisions of federal statutes, that the warrantless seizure of the defendant property lacked probable cause or reasonable suspicion and was in violation of his rights under the Fourth Amendment to the U.S. Constitution, that the seizure and intended forfeiture violates his due process rights under the Fifth Amendment to the U.S. Constitution, that the intended forfeiture would be an excessive fine in violation of his rights under the Eighth Amendment to the U.S. Constitution, and the seizure and intended forfeiture violates the separation of powers, including under Article I of the U.S. Constitution.

Claimant Kermit Warren has made a jury demand.

7. DISCOVERY PROCEDURES

   a. The parties agree that all discovery shall be completed by 4/29/2022. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court. To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call-in number.

   b. Do the parties anticipate the production of ESI?  __X__ Yes _____ No

      If yes, describe the protocol for such production:
      The parties have discussed the protocol for ESI production and are working toward reaching an agreement on production specifications. Should a dispute arise regarding the disclosure or production of ESI, the parties agree to discuss changes to any agreement before seeking a conference with the Court.

    c. Do the parties intend to seek a protective order or clawback agreement? Not at this time. If the parties encounter documents that implicate the Privacy Act, they will seek a protective order at that time. The parties agree that if any party determines that protected material was disclosed, they may provide notice to the other parties of such disclosure, and if the parties agree that the material is protected, the material will be returned to the disclosing party and no privilege is waived. If the parties disagree about whether the material is protected, they agree to contact the Court to seek an informal discovery conference to resolve the dispute. The parties also agree that if any inadvertent disclosure of protected materials occurs, they will return the material upon notice and that any privilege is not waived by an inadvertent disclosure.

8. **DISPOSITIVE MOTIONS**

    a. Any dispositive motions shall be filed by 6/30/2022.

    b. Are the parties requesting expedited briefing on dispositive motions?

        ____Yes   _X_ No

    If yes, identify the proposed expedited schedule:

    Opposition to be filed by_____; Reply brief to be filed by_____.

9. **EXPERT TESTIMONY**

    a. Primary expert reports must be produced by 2/15/2022.

    b. Rebuttal expert reports must be produced by 3/15/2022.

10. **SETTLEMENT**

Plaintiff(s) will a make a settlement demand by 5/9/2022. Claimant will respond by 5/16/2022. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year. The parties request the following month and year:

                                 June 2022

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

Claimant does not believe this case is amenable to mediation because he demands nothing less than the return of the full amount of the lawfully earned and lawfully owned currency seized from him on November 4, 2020, with attorney's fees.

11.  RULE 16 PRETRIAL CONFERENCE

Do the parties request a scheduling conference?

__ X __ Yes, the parties would like a conference with the Court prior to it issuing a scheduling order.   The parties request that the conference take place_____ in chambers __ X __ by telephone.

_____ No, a conference is not necessary; the Court may issue a scheduling order after considering this Report.

12.  OTHER MATTERS

Indicate any other matters for the Court's consideration:

Signatures:

*s/ Deborah D. Grimes*
DEBORAH D. GRIMES (0078698)
Assistant United States Attorney
Counsel for Plaintiff

*s/ Kevin P. Foley*
Kevin P. Foley (0059949)
Reminger Co., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, OH 43215
Phone:  614-232-2416; Fax: 614-232-2410
Email:  kfoley@reminger.com

Dan Alban* (VA Bar No. 72688)
Jaba Tsitsuashvili* (DC Bar No. 1601246)
Institute for Justice
901 North Glebe Rd., Suite 900
Arlington, VA 22203
(703) 682-9320
(703) 682-9321 (fax)
dalban@ij.org
jtsitsuashvili@ij.org

*Attorneys for Claimant Kermit Warren*

* Admitted *Pro Hac Vice*

Date:  September 15, 2021