IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:21-cv-1621 |
| Plaintiff, | : | |
| | : | JUDGE SARGUS |
| v. | : | Magistrate Judge Jolson |
| | : | |
| TWENTY-EIGHT THOUSAND ONE HUNDRED EIGHTY AND 00/100 DOLLARS ($28,180.00) IN UNITED STATES CURRENCY, | : : : : | |
| | : | |
| Defendant, | : | |
| | : | |
| KERMIT WARREN, | : | |
| | : | |
| Claimant. | : | |

## SETTLEMENT AGREEMENT

WHEREAS, on or about November 4, 2020, authorized agents with the Drug Enforcement Administration seized a total of Twenty-Eight Thousand One Hundred Eighty and 00/100 Dollars ($28,180.00) in United States Currency ("the subject currency") from Kermit Warren ("Warren"), following an encounter with him at the John Glenn Columbus International Airport;

WHEREAS, on April 7, 2021, the Plaintiff, United States of America ("United States"), filed a verified Complaint for Forfeiture *In Rem* (Doc. 1) alleging that the subject currency is forfeitable to the United States, pursuant to 21 U.S.C. § 881(a)(6), because it represents property furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846;

WHEREAS, on June 15, 2021, the United States Marshals Service executed the Warrant of Arrest *In Rem* (Doc. 3), bringing the subject currency within the jurisdiction of the Court (Doc. 4);

WHEREAS, pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States sent direct notice of this action and a copy of the Complaint to all known potential claimants by means reasonably calculated to reach the potential claimants (Doc. 5);

WHEREAS, notice of this forfeiture action was posted on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, beginning on June 15, 2021, in accordance with Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Doc. 7);

WHEREAS, on July 20, 2021, Warren, through counsel, filed a Verified Claim (Doc. 8), asserting an interest in the subject currency. On August 10, 2021, Warren filed an Answer to the Complaint (Doc. 13);

AND WHEREAS, no other person or entity has filed a claim to the subject currency or an answer to the complaint, and the time to do so has expired.

NOW THEREFORE, in the interest of fully resolving the claim in all aspects, and to avoid the expenses and risks of further litigation, the United States and Warren (together "the Parties") HEREBY STIPULATE AND AGREE that:

1. The subject currency was seized by authorized law enforcement officers.

2. The United States shall return the subject currency, more particularly described as Twenty-Eight Thousand One Hundred Eighty and 00/100 Dollars ($28,180.00) in United States Currency, to Warren in full settlement and satisfaction of any and all claims, demands, rights, and

causes of action, whether known or unknown, arising directly or indirectly from the seizure described in this Settlement Agreement.

3.      The United States asserts that it will make all best efforts to release the subject currency to Warren before November 25, 2021.

4.      The subject currency shall be returned to Warren via a payment through the United States Treasury. By signing this agreement, Warren acknowledges that the Debt Collection Improvement Act of 1996, as codified at 31 U.S.C. § 3716 and administered through the Treasury Offset Program ("TOP"), requires the United States Treasury to offset federal payments to collect certain delinquent debts owed by a payee to the United States, a United States agency, or a state. Accordingly, Warren acknowledges that the amount to be returned to him under this Settlement Agreement may be reduced by the amount of any such delinquent debt that the United States Treasury is required to collect through TOP.

5.      Warren agrees to complete all documents required by the United States to facilitate the release of the subject currency.

6.      Upon receiving confirmation from the United States Marshals Service of the release of the subject currency to Warren, the Parties agree to the entry of a stipulated dismissal of this civil forfeiture action with prejudice.

7.      Warren agrees to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims, demands, rights, and causes of action of whatsoever kind and nature, whether known or unknown, which he may have or later acquire against the United States and its agents, servants, and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether for compensatory or exemplary damages.

8. The Parties agree that each party shall bear its own costs and attorneys' fees. Warren further agrees to waive any and all rights he may have to recover attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, the Civil Asset Forfeiture Reform Act (CAFRA), 28 U.S.C. § 2465, or any other legal or statutory basis.

9. For the purpose of construction, this Settlement Agreement shall be deemed to have been drafted by all parties and shall not, therefore, be construed against any party in any subsequent dispute, including but not limited to any proceedings to enforce the terms of this Settlement Agreement.

10. This Settlement Agreement contains the entire agreement between Warren and the United States.

11. This Settlement Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be considered one document.

12. The Parties agree that the United States District Court for the Southern District of Ohio, Eastern Division shall retain jurisdiction of this action to enforce this Settlement Agreement.

The undersigned Assistant United States Attorney represents and warrants that she is signing this Settlement Agreement in her official capacity.

VIPAL J. PATEL
Acting United States Attorney

Date: 10/28/2021

**DEBORAH GRIMES** Digitally signed by DEBORAH GRIMES
Date: 2021.10.28 12:57:10 -04'00'

DEBORAH D. GRIMES (0078698)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Deborah.Grimes@usdoj.gov

Date: 10/28/21

Kermit Warren by Dan Allen
KERMIT WARREN    Authorized telephonically
Claimant         on 10/28/21

We are Kermit Warren's attorneys. We have carefully reviewed this Settlement Agreement with him. He advises us that he understands and accepts the terms of this agreement and that his decision to enter into the Settlement Agreement is an informed and voluntary one.

Date: 10/28/21

KEVIN P. FOLEY (0059949)
Reminger Co., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
(614) 232-2416
(614) 232-2410 (fax)
kfoley@reminger.com

**SIGNATURES CONTINUE ON PAGE 6**

Date: 10/28/21 /s/ Dan Alban
DAN ALBAN* (VA Bar No. 72688)
JABA TSITSUASHVILI* (DC Bar No. 1601246)
Institute for Justice
901 North Glebe Road, Suite 900
Arlington, Virginia 22203
(703) 682-9320
(703) 682-9321 (fax)
dalban@ij.org
jtsitsuashvili@ij.org

*Attorneys for Claimant Kermit Warren*

* Admitted *Pro Hac Vice*